B. F. AVERY & SON *v.* MYERS, HOUSEMAN & CO.

1. PARTNERSHIP. *Personal liability of executor.*

An executor of a deceased partner who embarks or continues the assets of the decedent in the firm business with the surviving partners, under an agreement that it shall be carried on for his own benefit or for that of the heirs or distributees of the decedent, imposes thereby no liability upon the estate, but

becomes personally liable for debts thereafter contracted in the course of such business.

2. SAME.   *When executor not personally liable.*

L., executor of M., allowed the assets of the decedent to continue for more than two years in the firm business with H. and B., surviving partners of M., H. & Co. There was no agreement between L. and the surviving partners that the business should continue for his benefit or for that of the estate. He repeatedly demanded of the surviving partners that the partnership business be wound up. The executor took no part in the conduct of the business of the concern, and neither he nor the estate derived any benefit therefrom; and he did not hold himself out to the world as a partner in any capacity, nor was he so regarded by the surviving partners. *Held,* that the executor is not personally liable for the debts contracted by the surviving partners in the conduct of the business after the death of the testator.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. M. ARNOLD, Judge.

B. F. Avery & Son sued Myers, Houseman & Co., a firm alleged to be composed of M. Houseman, G. W. Bean and Greenwood Ligon, on certain acceptances. The firm consisted originally of S. Myers, M. Houseman, and G. W. Bean. Myers died and Ligon became his executor. It is now sought by this suit to hold Greenwood Ligon personally liable for the debts contracted in the business conducted by the surviving partners, after the death of Myers. From the judgment of the court below in favor of Ligon this appeal is prosecuted.

*W. T. Houston,* for the appellants.

Appellants insist that the following proposition is law, to wit : —

" When an executor or administrator embarks or continues the property of an estate in a partnership, without directions from the Chancery Court, or authority in the will of the testator, he himself becomes personally liable as a partner in the firm." *Citizens' Mut. Insurance Co.* v. *Ligon,* 59 Miss. 314. It was clearly the duty of appellee to compel a liquidation of the business of the old firm, and, if necessary, to resort to a court of chancery to that end.   See 59 Miss. 312, 313, 314. In not doing this, but " permitting the continuance of the business," he, whether intentionally or not, brought himself

clearly within the authorities which declare the liability of ex-
ecutors as partners, where they continue the estates of their
testators in the business.   See 59 Miss. 314, 315, 316 ; 1
Mau. & Sel. 412 ; 4 Johns. Ch. 619, 623, 624, 626, 627 ; L. R. 15
Eq. 138 ; 4 Ala. 590 ; 8 Conn. 587 ; 28 Ohio St. 232.   See on
same point : *Labouchere* v. *Tupper*, 11 Moo. P. C. 198 ; *In re
Land Credit Co.*, L. R. 8 Ch. 831 ; 3 Williams on Ex. 1791 ;
Pars. on Part. 146, 159, note 1., 493, 494, note ; 1 Lindley
on Part. 687, marg. pp. 1046, 1070, 1060, note ; Coll. on Part ;
sects. 602, 603, 604, 605 ; 2 Williams on Ex., marg. pp. 1525,
1526.   That the venture proved disastrous before any profits
were realized cannot affect appellee's liability.   The testimony
shows that the surviving partners were to have shared the
profits, if any were realized, with those who were represented
by appellee, as trustee, guardian, and executor.   Their share
of the profits were to have been paid to those who were not
partners, nor liable as such, and this resulted from the appel-
lee's conduct.   The publication in the newspaper that the busi-
ness would be continued uninterruptedly, was made with the
knowledge and acquiescence of appellee, and, as interpreted
by subsequent events, fixes the liability on appellee.   Where-
ever one shares, or is to share, in the profits, he is liable
as a partner ; if appellee, by the arrangement, intended that
the profits should go to those who never actively participated
in permitting the estate of the testator to remain in the busi-
ness, and who could not be made liable as partners, then he
must be liable.   If he intended to give the possible profits to
them, it was the same as if he intended to claim them for him-
himself.

*Houston & Reynolds*, for the appellees.

The surviving partners had the right to make the purchases
and advances, if, as they state they were, such purchases and
advances as enabled them to close up the business, sell the
stock, collect debts, and pay the liabilities.   *Oliver* v. *For-
ester*, 96 Ill. 315 ; *Schenkel* v. *Dana*, 118 Mass. 237.

An executor who would not permit the business continued

for the purposes supposed, and the suppositions are taken from the actual facts in this case, would be censurable; and if he were to appeal to a court of chancery to restrain the continuance of the business, and take it out of the hands of the surviving partners, would be denied relief. If so, he cannot be made liable for that which he could not prevent.

In *Holme* v. *Hammond*, L. R. 7 Exch. 218, cited in 1 Lindley on Part. 41, five persons agreed to be partners for seven years, and if any partner died within the seven years, the survivors should continue the business. One of the partners died, and the business was continued by the survivors, the executors of the deceased partner taking no part in its management; but they claimed a part of the profits, and were furnished with accounts in which they were credited with profits. It was held that the executors were not liable as partners. This case is similar to the one at bar, except that Ligon was not empowered to continue the partnership, either by the will of Myers or the partnership articles, and that he did not participate in the profits.

In *Weightman* v. *Townroe*, 1 Mau. & Sel. 412, the executors embarked the share of their testator in the firm as partners, for the benefit of an infant daughter of the deceased partner, without any authority. It was held, that embarking in the new venture, and participation in the profits, made them partners.

In the case at bar, Ligon did not embark the share of Myers in new ventures as was done in *Wightman* v. *Townroe.*

In *Ex parte Genland*, 10 Ves. 109, the question as to the liability of the executors was not raised. In *Thompson* v. *Brown*, 4 Johns. Ch. 619, the administrators of Brown, the deceased partner, entered into partnership with Fay, the surviving partner, on the same terms as had existed between Fay and Brown, and this was done for the benefit of the estate. The administrators were liable for the debts of the partnership, because they had of their own volition entered into a partnership. They were not held liable, because of a continuance of

the partnership, but of their partnership agreement with Fay. The agreement of partnership made the administrators liable.

The case of *Owens* v. *Mackall*, 33 Md. 382, holds, that where the estate of the deceased partner is continued in the partnership business, which is conducted by the surviving partners and others without any participation in its management by the executor, or its profits, that the executor is not liable as a partner.   33 Md. 388.   This case is conclusive of the case at bar, and settles that Ligon is not liable.

All the authorities bearing on the question are cited in note to 2 Lindley, 1060, to which we refer the court, and also to the following cases in our court: *Citizens Mutual Insurance Company* v. *Myers, Houseman & Co.*, 59 Miss. — ; *Brassfield* v. *French*, 59 Miss. 632.

CHALMERS, J., delivered the opinion of the court.

It has long been settled law (certainly since the case of *Wightman* v. *Townroe*, 1 Mau. & Sel. 413 (1813), that where the personal representative of a deceased partner embarks or continues the assets of the decedent in the firm business with the surviving partners, under an agreement that it shall be carried on for the benefit either of himself or for that of the heirs and distributees of the decedent, he does not thereby impose any liability upon the estate or its beneficiaries, but does thereby become personally liable for all debts thereafter contracted in the course of the business.   *Insurance Company* v. *Ligon*, 59 Miss. 305; *Brassfield* v. *French*, 59 Miss. 632.

It is sought under this principle to hold the appellee Ligon, executor of Simon Myers, deceased, bound for debts contracted by the firm of Myers, Houseman & Co. after the death of the senior member of that firm.

The facts fail to show any agreement between the executor and the surviving partners that the business should go on for the benefit of himself or for that of the estate, but on the contrary expressly negative the existence of any such agreement;

though it is true that more than two years intervened between the death of Meyers and the failure and insolvency of the firm, and that during this time there was no withdrawal of the assets or interests of Meyers from the business. It is shown, however, that shortly after his death the executor called on the surviving partners, who had by law the right to wind up the concern, and demanded that this should be done without delay, and that his demands to this effect were thereafter repeated and urgent. Compliance with them was postponed by the survivors from time to time under a claim that the firm was under heavy obligations and contracts to sundry persons, and that a failure to carry out these engagements would result in ruinous loss to all concerned. The executor took no part in the conduct of the business directly or indirectly, and seldom went about the business house. He gave no advice, orders, or assistance, nor did he, or the estate represented by him, derive any benefit or draw any profits from it. He dealt with it as a stranger buying goods both for himself and for the estate, and always paying full prices in cash. In no manner did he hold himself out to the world, nor was he regarded by the surviving partners, as a co-partner with them either individually or in his representative capacity. Under these circumstances he did not become personally bound for its contracts. The surviving partners were entitled by law to wind up the partnership, and this was a right of which he could deprive them only by showing that they were improperly discharging it. If they delayed unnecessarily in doing so he might have had them removed and a receiver appointed, and if the estate of his testator has sustained loss by his non-action in this regard he may have made himself liable to the heirs and legatees, but has not given those dealing with the firm a right of action against him.

This case is somewhat connected in its facts with the case of *Citizen's Insurance Company* v. *Ligon*, 59 Miss. 305, though the plaintiffs in the two cases are different.

Decree affirmed.