DAVID L. ROYSTER, Ex'r., v. J. J. JOHNSON.

In stating an account between an executor and the surviving partner of the testator, *it is not error* to charge the surviving partner with the value of a note, due the testator of the plaintiff individually, if such note arose from, or grew out of the business of the co-partnership.

Under the law of this State, a surviving partner is entitled to reasonable compensation for his services in settling up the partnership business.

(The case of *Boyd* v. *Hawkins*, 3 Dev. Eq. cited and approved.)

CIVIL ACTION, for an account, tried before *Henry, J.,* at January (Special) Term, 1875, WAKE Superior Court.

The facts necessary to an understanding of the case, as decided in this Court, are as follows :

In the month of January, 1873, the testator of the plaintiff, J. J. Overby and the defendant entered into a co-partnership, for the purpose of dealing in groceries, liquors, &c. The testator of the plaintiff died during the existence of the partnership, and this action was brought for an account and settlement of the partnership business. The case was referred for the purpose of taking an account, and upon the coming in of the report of the referee, the defendant filed the following exceptions thereto :

I. That he is charged with a note of seven hundred and fifty dollars, which is due the plaintiff's testator as an individual, and has nothing to do with the co-partnership business, it not being a debt due to or from the firm.

II. Because the defendant is charged in the settlement of the co-partnership business, with a note due the plaintiff's testator as an individual, and not as a member of the firm, of two hundred dollars, which note was due the 31st December, 1873, while this action for an account of co-partnership business, was commenced in August, 1873.

III. Because the defendant is not allowed commissions or any compensation for settling the co-partnership business.

The Court overruled the exceptions, and the defendant appealed.

*W. H. Pace*, for the appellant.
*Busbee & Busbee* and *A. M. Lewis*, contra.

SETTLE, J. This case comes before us upon three exceptions by the defendant, to the report of the referee.

The first and second are untenable.

1. Because they grow out of the business of the partnership.

2. Because they were admitted by the defendant, before the referee, to be proper charges against him.

The third exception is well founded.

The English doctrine, that executors, trustees, surviving partners, &c., are not entitled to commissions or compensation for their services, is not suited to this country.

It is suggested in *Boyd* v. *Hawkins*, 2 Dev. Eq., where the cases on this subject are cited and commented upon, by Chief Justice RUFFIN, as a reason for the English doctrine, that persons acting in such fiduciary characters are not, in England, practically at any trouble or expense about their trusts, because they manage the whole business through attorneys, &c.

But it is entirely different here.

And following the suggestion of Chief Justice RUFFIN, and the tendency of legislation in this State, providing compensation for executors, administrators, &c., we see no reason why a surviving partner should not be allowed reasonable compensation for his services, in winding up the affairs of the partnership.

In so far as this exception was overruled, there was error.

PER CURIAM.                                   Judgment accordingly.