First National Bank of Chittenango, Respondent, *v.*
Margaret Morgan, Administratrix, etc., Appellant.

| 73 | 593 |
| 120 | 306 |

A promissory note made by one of two members of a firm in the firm name is valid against the firm in the hands of a *bona fide* holder for value, although not made in the partnership business, and although the other partners did not consent to and did not know of the making of the note. The note is presumptive evidence that it is valid business paper, and was given for a debt due from the makers to the payee.

Where the promissory note of a firm is so given by one of its members for the accommodation of the payee, as to a *bona fide* holder for value, without notice of the actual relation of the parties, the members of the firm are bound as principals, and upon the death of one of them, an action may be maintained thereon against his personal representatives upon showing the insolvency of the surviving partner; the rule absolving the estate of a joint surety upon his death is not applicable.

*Getty* v. *Binsse* (49 N. Y., 385), and *Risley* v. *Brown* (67 id., 160), distinguished.

Where after the death of one member of a firm the holder of a note of the firm, without knowledge of the death, received a new note signed in the firm name in renewal of such note and delivered up the same, *held.* that the new note having been taken through a mistake of fact was not a payment of the old note.

Also, *held,* that the bringing of an action upon the last note against the surviving partner and recovery of judgment thereon, in the absence of proof of knowledge on the part of plaintiff at the time of bringing the action, that the deceased partner died before the giving of the note, was not a ratification of the transaction as a release of the estate of the deceased.

There is no rule of law fixing the time within which one may discover that a writing does not express the contract which he supposes it does, or which bars him of relief for delay other than that contained in the statute of limitations.

(Argued March 18, 1878; decided March 26, 1878.)

This action was brought to collect a debt, evidenced by a note for $2,500, dated September 8, 1869, made in the firm name of "Wm. Petrie & Co.," to the order of "Bennett & Avery," and indorsed by the latter. (Reported below, 6 Hun, 346.)

The firm of "Wm. Petrie & Co." was composed of William Petrie and Samuel Morgan, the latter being the defendant's intestate. The partnership terminated by the

death of Morgan on the 10th of October, 1869. The note in suit was the last but one of a series of notes commencing November 21, 1868, all in form and as to parties, alike, and made by Petrie without consideration, for the benefit of the payees, and without the knowledge or consent of his partner Morgan. These notes had been discounted before maturity in due course of business, or following the first one, had each been accepted in renewal, of the last preceding one, by the plaintiff without notice of the fact, so far as appears, that they were accommodation notes, or of any fact invalidating them or either of them as against any of the parties thereto. Prior to the maturity of the note in suit Morgan died. Plaintiff, in ignorance of that fact, received another note in renewal. After the maturity of the last note plaintiff brought an action thereon against the indorsers and against Petrie as survivor, and judgment was obtained therein. *Held*, that it appearing that plaintiff took the note *bona fide* and for a valuable consideration, the fact that the intestate did not consent to or know of the making of the note did not relieve his estate from liability. (*F. and M. Bank* v. *B. and D. Bank*, 16 N. Y., 125, 135 and cases cited.) That the note, in the form and under the circumstances in which it was offered and discounted by plaintiff, was presumptive evidence that it was a valid business note expressive of a debt due from the makers to the payees. (*Whitaker* v. *Brown*, 16 Wend., 505.) That the acceptance of the last note and the bringing an action thereon was not a payment of the note in suit or a ratification of it as a release of the estate of the deceased partner, as it was received through a mistake in fact, and, so far as appeared, the subsequent proceedings to collect were still under the same mistake as to the time of the death ; nor was the recovery of judgment a satisfaction of the right to enforce the claim against the intestate's estate. (*Davis* v. *Anable*, 2 Hill, 339.) That the plaintiff was not chargeable with laches in not making demand of the estate of the deceased. The court stating the rule as to laches, in such case as above, citing *Bidwell* v. *Astor Insurance Company* (16 N. Y., 263), and that the rule absolving

the estate of a joint surety upon his death did not apply, but that the co-partners were, as to plaintiff, liable as principals, and it appearing that Petrie, the surviving partner was insolvent the action was maintainable against the representatives of the deceased partner. (*Pope* v. *Cole*, 55 N. Y., 124.)

The court distinguished the case from that of *Getty* v. *Binsse* (49 N. Y., 385) and *Risley* v. *Brown* (67 id., 160), in that plaintiff had no knowledge of the actual relations of the parties to the note.

*William Kernan* for appellant.

*William. C Ruger* for respondent.

FOLGER, J., reads for affirmance.
All concur.
Order affirmed and judgment absolute against defendant.