[Civil No. 299.   Filed January 24, 1891.]

[32 Pac. 263.]

SOL. LEWIS, Plaintiff and Appellee, v. C. T. HAYDEN
et al., Defendants and Appellants.

1. NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDER—PARTNERSHIP NOTE —EXECUTED WITHOUT CONSENT OF ALL PARTNERS VALID.—The holder of a promissory note, executed by the member of a trading partnership having charge of its financial affairs to secure an extension on a loan made to another of the partners for the use and benefit of the firm, is a *bona fide* holder for value, though as between the partners the note may have been for the accommodation of the individual partner, without consideration, and made without the consent of the remaining partner.

2. SAME—PARTNERSHIP NOTE—EXECUTED BY ONE PARTNER—VALID— INNOCENT HOLDER.—In the hands of an innocent holder for value a promissory note made by one member of a trading partnership in the name of the firm is valid, notwithstanding it was not made in the usual course of the business of the firm, and that other partners did not give their consent and had no knowledge of its execution.

3. EVIDENCE—MATERIALITY—PRESUMPTION.—Objection to a question put to a witness as to whether he did not consider the security for the individual note ample at the time the loan was made properly sustained, as it is' to be presumed he did from the fact of the loan being made, and it is not to be considered as tending to show that the firm note was or was not given as additional security at a time months later.

4. SAME—SAME—CONTRADICTING FACT ADMITTED.—Evidence that Webster, the partner making the individual note, was indebted to the

firm at the time the note was made, unless the holder knew he was so indebted, would not be material further than as indicating whether the loan was made for his own benefit or for that of the firm, but as it was conceded it was used for the firm it was properly excluded.

5. SAME—EXPERT TESTIMONY—FAILURE TO QUALIFY—HARMLESS ERROR. —Where one of the members of the firm had testified that certain words had been substituted for others originally upon the note, it was not error for the court to refuse to permit him to testify that the erasures had been made with a chemical, he having not qualified as an expert and the firm having had the benefit of his positive testimony as to the change.

6. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE —DILIGENCE.—A motion for new trial based upon newly discovered evidence is properly overruled where it appears that the evidence would have been merely cumulative and would not have changed the result of the trial, and the affidavits in support thereof fail to show diligence in the procurement of the evidence.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

L. H. Hawkins, and Goodrich & Street, for Appellants.

The contention of the Charles T. Hayden Milling Company is that the note sued upon, although bearing its signature, is a fraud upon it. It shows upon its face that it is made by one partner to another, and the law is well settled that in such cases the person dealing with it must do so upon inquiry, whether the note has received the sanction of every member of the firm, or is for the benefit of the firm. Cary on Partnership, 42, 5 Law Library, p. 17; 1 Daniel on Negotiable Instruments, secs. 365, 366; Colebrook on Collateral Securities, sec. 54; Parsons on Partnership, secs. 200-205; *Hendrie* v. *Berkowitz,* 37 Cal. 113, 99 Am. Dec. 251; *Rogers* v. *Bathelor,* 12 Pet. 221-231.

Baker & Campbell, for Appellee.

"A partnership cannot impeach a note signed with its firm name by one partner, when its course of business has been such as to induce an honest belief in the payee who, a prudent

man, and familiar with the manner of conducting its affairs, believed and had a right to believe from his own knowledge of such conduct, that the partner had authority to sign." *Kelton* v. *Leonard,* 54 Vt. 230.

"Money obtained on the personal credit of a partner which goes into the firm's funds and is used for the exclusive benefit of the firm is a good consideration for a subsequent promise of the firm to pay the debt." *Siegel* v. *Chidsey,* 28 Pa. St. 279, 70 Am. Dec. 124.

But admitting that this note was made outside of the partnership business and one of the firm did not consent, it is neverthless valid in the hands of a *bona fide* holder for value. *First Nat. Bank* v. *Morgan,* 73 N. Y. 587; *Duncan* v. *Clark,* 2 Rich. 587; *Handelman* v. *Bank,* 28 Pa. St. 440, 70 Am. Dec. 142; *Collier* v. *Gross,* 20 Ga. 1; *Boardman* v. *Gose,* 15 Mass. 331; *Rich* v. *Davis,* 4 Cal. 22.

The rule is the same even though this note was an accommodation note. *National Bank* v. *Morgan,* 73 N. Y. 587; 1 Lindley on Partnership, p. 296.

Was the plaintiff a *bona fide* holder for value? He received the Hayden note before maturity. He is presumed to be a *bona fide* holder. *Luning* v. *Wise,* 64 Cal. 410, 1 Pac. 495, 874; *Palmer* v. *Goodwin,* 5 Cal. 458, 459. Further than this, he received it as collateral security for a pre-existing debt. This makes him a holder for value. Colebrook on Collateral Securities, sec. 18; *Swift* v. *Tyson,* 16 Pet. 1; *Railroad Co.* v. *National Bank,* 102 U. S. 14; Daniel on Negotiable Instruments, sec. 830.

PER CURIAM.—Appellee, Sol. Lewis, brought suit against C. T. Hayden, A. J. Peters, and A. C. Webster, partners doing a mercantile business under the firm name of Charles T. Hayden Milling Company, upon the following promissory note: "No. 6,186.  Phœnix, Arizona, August 20th, 1888. On the 18th day of November, A. D. 1888, without grace, for value received, we promise to pay to the order of A. C. Webster, at National Bank of Arizona, four thousand dollars in U. S. gold coin, with interest thereon at the rate of one and one half per cent per month from date until paid.  Interest payable monthly.  Note and mortgage, A. C. Webster.

[Signed]   Chas. T. Hayden Milling Company.   A. J. Peters."
The complaint alleges an assignment and delivery by Webster, the payee therein, to the plaintiff, for a valuable consideration.   The answer denied the execution of the note by the Charles T. Hayden Milling Company, and alleged that it was executed by A. J. Peters, one of the partners of said firm, without consideration, for the accommodation of A. C. Webster, another partner, to be used by Webster in his private affairs, and without the knowledge or consent of Charles T. Hayden, the remaining partner in said firm; that said note was left by Webster with the National Bank of Arizona for the purpose of representing to others his financial worth, and that thereafter he indorsed the same, but instructed the bank not to collect the note unless so directed by him; that Webster never instructed the collection of the note, but directed that it be given up to the Charles T. Hayden Milling Company; that said bank delivered said note to the plaintiff, Lewis, who held the same as collateral security on a pre-existing debt owing him from Webster, which was already secured by a mortgage on property of Webster's; that none of these acts were ratified by the partner Hayden.   The cause was heard by the court without a jury, and judgment entered for appellee.  ·  A motion for a new trial having been overruled, the defendant appealed.

The first assignment of error upon which we are asked to reverse the judgment and grant a new trial is "that the court erred in its judgment as to the legal effect and sufficiency of the evidence, and in considering the same sufficient to find for the plaintiff in any amount."   In addition to the note, the only evidence offered by the appellee was the testimony of George W. Hoadley, the cashier of the National Bank of Arizona, who testified to the circumstances connected with the execution of the note and its transfer to the appellee.   He stated in substance, that on the 22d of May, 1888, Webster, as a partner in the firm of Hayden & Co., applied to witness, as the agent of appellee, for a loan of four thousand dollars for the use of the firm.   The security offered by him being unsatisfactory, Webster gave his individual note, secured by a mortgage on his own property, and received the amount applied for from appellee.   That the money so borrowed by

Webster was at once placed to the credit of Hayden & Co. at the said National Bank of Arizona, and checked out by A. J. Peters for the use of said firm. That at the end of each month thereafter the appellants were charged with the interest on this note of Webster's and had notice given to them of this fact, and that interest so charged was paid by said firm. That a short time before the note became due Webster came to the bank, and asked witness, as the agent of appellee, for an extension of three months' time on his note, and promised to give the note in suit as additional security in consideration of such extension. That, in pursuance of such promise, Webster appeared with A. J. Peters, a member of the firm, who was known to Hoadley to have charge of the financial affairs of the firm, and authorized to sign its name to the firm's paper, and that Peters then executed the note in question in the name of the firm, and that Webster there and then indorsed the same, and turned it over to witness as the agent of appellee, to be by him held as additional security to the Webster note. The evidence produced by the defense establishes, rather than otherwise, the *bona fide* nature of the transaction, at least on the part of Hoadley. Peters, while on the stand, corroborated the statement of Hoadley that the money borrowed on the Webster note was for the benefit of the firm, and admitted to having been a member of the partnership, intrusted with the signing of the firm's name to its paper; and that at the time the note in question was executed nothing was said from which Hoadley might infer that the note was anything else than what it appeared on its face to be,—the valid obligation of the firm,—and made upon good consideration. It follows, therefore, that it is immaterial what may have been the real transaction relative to the execution of the note as between the partners constituting the firm of Hayden Milling Company. The law is well settled that in the hands of an innocent holder for value a promissory note made by one member of a trading partnership in the name of the firm is valid, notwithstanding it was not made in the usual course of the business of the firm, and that other partners did not give their consent and had no knowledge of its execution. *Bank* v. *Morgan*, 73 N. Y. 593; *Haldeman* v. *Bank,* 28 Pa. St. 440, 70 Am. Dec. 142; *Boardman* v. *Gore*, 15 Mass.

331; *Rich* v. *Davis,* 6 Cal. 141. Even if it were true that the note was signed in the firm name by Peters for the accommodation of Webster, without consideration, and without the knowledge or consent of Hayden, the remaining partner, these circumstances not being known by Hoadley at the time of the execution and indorsement, and nothing appearing upon the face of the note to put him upon inquiry, appellee became an innocent holder for value upon the extension of the time for payment of the note held by him against Webster, and was entitled to recover from appellant. The fact that the promissory note was made payable at the expiration of three months' extension upon the Webster note, and the further fact that in the note itself were written the following words: "Note and mortgage, A. C. Webster," are sufficient in themselves to negative the statement of Webster that the firm note was assigned by him to Hoadley for collection, and not to be held by him, as appellee's agent, for additional security for his own note. We find, therefore, no error in the court rendering judgment upon the evidence as presented by the record.

Several errors are assigned in the rulings of the court upon the introduction of evidence. The first of these relates to the cross-examination of the witness Hoadley. The witness was asked by counsel for appellant "if at the time he took the note and mortgage from Webster for Lewis he did not consider the mortgage ample security?" Why counsel seriously should claim the ruling of the court in sustaining the objection to this question to be error, is not clear to us. It is to be presumed that the witness did so consider the mortgage from the fact that he loaned the amount mentioned in the note upon the strength of the security taken. Nor is it to be considered as tending in any way to show whether the subsequent note was or was not given as additional security to the first note, given months after its execution. Appellant attempted to show by the witness Peters that Webster was indebted to the firm of C. T. Hayden Milling Company at the time he obtained the loan from appellee. This evidence was excluded by the court, and this ruling is made the ground of another assignment of error. This evidence, unless it were shown that Hoadley, as the agent of appellee, knew that he

was so indebted, would not be material further than as indicating whether the loan was made for his own benefit or for that of the firm; but as Peters had previously stated that the four thousand dollars had been used by the firm, and that this fact was known to Hoadley, he would be estopped from showing, as a member of the firm, that the transaction was otherwise than what it appeared to be. The appellant chiefly relies upon the rulings of the court as presented by bill of exceptions No. 6 in the record as error sufficient to reverse the judgment. The witness Peters stated on the stand that at the time he signed the note sued upon the words, "Note and Mortgage, A. C. Webster," did not appear upon it; that afterwards he saw the note, and it then had on it the words, "Additional security, Crissmon ranch." He was asked by counsel for appellant whether he was familiar with bookkeeping and handwriting and the making and alteration of instruments and erasures and interlineations, to which he replied that "he was somewhat." He was also asked whether there was a preparation made for the erasure or blotting out of anything written, and whether he had seen its application, to which he replied that he had, and that he had some of the preparation in his possession; whereupon the counsel asked him if there had been any use of that chemical upon the note. This question was objected to, and the objection sustained by the court. Counsel then excepted, and stated that he wanted to prove the words, "Additional security, Crissmon ranch," had been erased, and the words, "Note and mortgage, A. C. Webster," put in its place. The court then said "it would not be a material alteration." The ruling of the court refusing to permit the witness to answer the question might be sustained on various grounds. In the first place, the question was suggestive and leading. Then, again, he had not sufficiently qualified himself as an expert to answer the question, and it did not appear that he had sufficient knowledge, based upon an inspection of the note, to testify concerning the fact. If it were sought by this question (which is not clear) to elicit from the witness testimony to prove that an alteration had been made, the note itself would have been the best evidence of any erasure, or the use of any chemicals upon it. The note was not offered in evidence, nor was any other

testimony proffered by counsel upon this point, nor was it suggested that the note bore any evidence of an erasure or alteration, for the purpose of showing that the words, "Note and mortgage, A. C. Webster," were not upon the note when executed. The direct and positive statement of the witness that the words were not there when he signed the same, but that afterwards he saw the words, "Additional security, Crissmon ranch," thereon, rendered the mere opinion of the witness, even if competent, based upon slight circumstances of discoloration or other evidence of the use of a chemical, of little or no additional value; and, besides, these appellants had thus the full value of the testimony of the witness as to the fact that an alteration had been made upon the face of the note. We find no errors in the rulings of the court upon the exclusion or rejection of evidence.

We have examined with care that part of the motion for a new trial based upon newly-discovered evidence, and the affidavits in support thereof. The showing is insufficient, in that much of the newly discovered evidence would have been cumulative merely, and would not have changed the result of the trial. Besides, the affidavits fail to show diligence in the procurement of the evidence. The motion, therefore, was properly denied.

The judgment is affirmed.