[Civil No. 338.  Filed January 28, 1893.]

[32 Pac. 261.]

LOUIS LEIBES et al., Defendants and Appellants, v. NELLIE E. STEFFY, Plaintiff and Appellee.

1. STATUTORY CONSTRUCTION — INTENT CONTROLS — WHOLE STATUTE MUST BE CONSIDERED.—In the construction of a statute it is the intent and purpose of the law, not the letter, that must control; and the whole statute must be considered.

2. HUSBAND AND WIFE—SEPARATE ESTATE—PURCHASE BY WIFE—"AC-QUIRED" AS USED IN REV. STATS. ARIZ. 1887, TIT. 34, CH. 3, SEC. 17, CONSTRUED.—The word "acquired," in section 17, *supra,* providing that "all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise, or descent, or earned by the wife while," etc., "shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband alone," was not intended to include a purchase made by the wife with her separate money or property.

3. SAME—SAME—PERSONAL PROPERTY—REAL PROPERTY—ACQUIRED BY WIFE BY PURCHASE OR EXCHANGE MAY BE HELD AS SEPARATE PROPERTY.—A married woman may, under the laws of this territory, by purchase or exchange, acquire personal property or real property and hold the same as her separate property.

4. SAME—SAME—PERSONAL PROPERTY PURCHASED BY WIFE WITH HER SEPARATE PROPERTY—NOT SUBJECT TO EXECUTION AGAINST HUSBAND.—Cattle, separate property of husband, purchased by wife from him, at the full price, with money which was her separate property, become her separate property, and are not subject to execution on a judgment against the husband, the good faith of the transaction not being questioned.

5. FRAUD—TRANSFERS—PERSONAL PROPERTY—WANT OF IMMEDIATE DELIVERY ONLY PRIMA FACIE EVIDENCE OF FRAUD—REV. STATS. ARIZ. 1887, TIT. 30, SEC. 5, CITED—FRAUD QUESTION OF FACT—REV. STATS. ARIZ. 1887, TIT. 30, SEC. 8, CITED.—Where a wife purchased cattle belonging to her husband which were in possession of a third party, who was notified of the purchase, but continued in possession till the following spring, when the cattle were delivered to her, and at the time of purchase a bill of sale was executed and duly recorded, such sale is not, as a matter of law, fraudulent as against creditors, because there is no actual change of possession and immediate delivery, section 5, *supra,* providing that, unless there is immediate delivery, etc., it is "*prima facie* evidence of fraud," and section 8, *supra,* providing that the question of fraudulent intent shall be deemed a question of fact, and not of law.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

H. V. Jackson, for Appellants.

W. R. Stone, for Appellee.

GOODING, C. J.—Appellants obtained a judgment against William Steffy, the husband of appellee, in the sum of $156.42, on the 8th of June, 1889. Subsequently an execution was issued on said judgment, and levied upon fifty head of cattle of the "22" brand as the property of William Steffy. Nellie B. Steffy (appellee) claimed said property as her separate property, and instituted proceedings to try her right thereto under the provisions of title 6., chapter 2, Revised Statutes of 1887, and filed bond as required, and took possession of said fifty head of cattle. The court below held that she was the owner of said cattle, and entitled to hold the same. The statement of facts and the evidence therein shows that William Steffy was a copartner with one Desmond, and the owner, before his marriage to appellee, of one half of the cattle branded "22," and so continued to be until the sale thereof to his wife, Nellie B. Steffy. That the consideration of said sale was thirteen hundred dollars, which was paid to him by his said wife, by a draft for that amount. The draft was drawn and payable to and indorsed by her father, James P. Rutledge. That the amount of the draft was a gift to her by her father. That thirteen hundred dollars was the fair value of the cattle bought by her. That at the time of the sale of his interest to his wife in said cattle, the cattle were in the exclusive control and management of his copartner, Desmond, and so remained till the following spring, when a division was made, and the share of Nellie B. Steffy was delivered into her possession, and of this share the fifty cattle levied upon under plaintiff's execution were a part. That at the time of his sale to his wife he had no intent to cheat, hinder, or delay his creditors, and that thirteen hundred dollars was the full, fair cash value of the cattle sold by him to his wife; and that the sale was, in short, without any intent on the part of Steffy, or his wife, Nellie B. Steffy, to cheat, hinder, or delay creditors.

The motion for a new trial in this case sets up the following grounds: 1. That said judgment is contrary to law in this case; that the court decides that a married woman can purchase personal property, and hold the same as her separate property; 2. That the wife, during coverture, may purchase personal property from her husband, and thereby withdraw such property from the payment of the husband's debts; 3.

That the court erred in ruling that the sale of the personal property in this case was valid, notwithstanding the fact that when the same was made there was no immediate delivery thereof, and no change in the possession of such property, continued or otherwise; and 4. That the judgment of the court is and was contrary to the law and the evidence.

That a married woman can purchase personal property, and hold the same as her separate property, we think it quite clear. It is true that section 17, chapter 3, title 34, provides that "all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise, or descent, or earned by the wife while," etc., "shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband alone." Section 18 provides: "Married women of the age of twenty-one years and upwards shall have sole and exclusive control of their separate property, and the same shall not be liable for the debts, obligations, or engagements of the husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised, or bequeathed by them in the same manner, and with like effect, as if they were unmarried." This last section gives the power to contract, sell, mortgage, convey, etc., "in the same manner, and with like effect, as if they were unmarried." To give the wife this plenary power to contract, sell, and convey her separate property without requiring even the consent of her husband, is not consistent with the idea that what she may receive in return for her separate property shall immediately become the common property of husband and wife. Section 19 provides as follows: "Hereafter married women of the age of twenty-one years and upwards shall have the same legal rights as men of the age of twenty-one years and upwards, except the right of suffrage and holding office, and with the right to make contracts binding the common property of husband and wife," etc. It is the intent and purpose of the law, not the letter, that must control; and the whole statute must be considered. This word "acquired," in section 17 above set out, was not intended to include a purchase made by the wife with her separate money or property. Such a construction would be very unjust, and contrary to the spirit of the statute, as well as the drift of all modern legislation. We are clearly of the opinion that a married

woman may, by purchase or exchange, acquire personal property or real property, and hold the same as her separate property. In this case the interest of the husband in the cattle was purchased by the wife with property, a gift to her by her father, and a full price paid to him (the husband) therefor. The interest in the cattle owned by the husband was acquired by him before his marriage to appellee. The property was therefore the separate property of the husband before the sale to the wife, and became and was her separate property thereafter. A bill of sale was given, and duly recorded, and the *bona fides* of the transaction is not questioned.

But it is further claimed by appellant that the title did not pass, because there was no immediate delivery. The statement of facts shows that she (Nellie B. Steffy) testified (and there was no evidence to the contrary) "that immediately upon the sale she notified Desmond of her purchase; that Desmond continued in possession of the cattle until the following spring, when a division was made, and her share thereof was delivered to her; that of this share the fifty cattle levied on are a part." A bill of sale was executed and duly recorded at the time of the purchase, but it is claimed that there must be an actual change of possession and immediate delivery, or the sale will, as matter of law, be held fraudulent as against creditors. Section 5 of title 30 expressly provides that, unless there is immediate delivery, etc., it is *"prima facie* evidence of fraud." If *prima facie* only, the facts may overcome the *"prima facie* evidence." Section 8 of the same title provides: "The question of fraudulent intent in all cases arising under the provisions of this act shall be deemed a question of fact, and not of law." The judgment of the court below should be affirmed. It is so ordered.

Sloan, J., and Wells, J., concur.