## WATSON v. STONE et al.

No. 8477—Opinion Filed Feb. 26, 1918.

(171 Pac. 336.)

(Syllabus.)

1. **Husband and Wife — Antenuptial Contract — Action to Quiet Title.**

The plaintiff and his deceased wife before their marriage entered into an antenuptial contract to the effect that neither by reason of their marriage should claim or acquire any right, title, or interest in or to the property then owned by the other, but that any real estate acquired after their marriage should be owned by them in common. After the death of the wife, the defendants herein, her children by a former marriage, claimed an interest in certain real estate owned by the plaintiff, on the ground that it was acquired after marriage, and also claimed that it was purchased with funds jointly owned by their mother and the plaintiff. The plaintiff, in a suit brought by himself to quiet title, testified that the real estate was purchased after his marriage to the defendant's mother, but that it was purchased with the proceeds of the sale of property owned by him before his marriage. The court sustained a demurrer to plaintiff's evidence. Held, this was error.

2. **Contracts — Construction — Intent of Parties.**

A contract must be given a fair and reasonable interpretation, and such effect as was

reasonably contemplated by the parties at the time they entered into the contract.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by R. M. Watson against J. N. Stone and others to quiet title. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

L. T. Wilson, H. A. Noah, and J. P. Grove, for plaintiff in error.

E. W. Snoddy, for defendants in error.

BRETT, J. This action was commenced in the district court of Woods county by the plaintiff in error, R. M. Watson, as plaintiff, against the defendants in error as defendants, to quiet title to the tract of land described in the petition.

It appears that the defendants are the stepchildren of the plaintiff, R. M. Watson; that in 1897 the plaintiff married Mrs Missouri A. Stone, the mother of the defendants (now deceased), who was then a widow possessing certain property. The plaintiff also owned certain property, and before their marriage the said Mrs. Stone and the plaintiff entered into an antenuptial contract to the effect that neither should claim or acquire any right, title, or interest in or to the property owned by the other at the time of their marriage, but that any real estate acquired during coverture should be held in common. After the death of their mother, the defendants had this contract recorded. The plaintiff in his petition sets out the antenuptial contract, but pleads that the real estate involved in this controversy, while purchased after his marriage to his deceased wife, was purchased with the proceeds of the sale of real estate owned by him at the time of his marriage. The defendants answered, and by cross-petition asked for an undivided one-half interest in said real estate, alleging that the said real estate was acquired after the marriage of plaintiff and their mother, and also alleged that it was purchased with the joint funds of the plaintiff and the mother of the defendants.

The plaintiff testified in his own behalf at the trial that after his marriage to the mother of the defendants, he took his wife and her seven children, the defendants herein, to his homestead, where they resided for some time; that finally he sold this farm for $1,600, and purchased another farm for $1,800, upon which the family resided until plaintiff sold that for $4,500, and he immediately purchased another farm, paying $6,000 for that, upon which he and the family resided until he sold that for $9,500, and im-

mediately purchased the farm in controversy, paying $8,200 for it. The plaintiff further testified that none of the wife's money or property went into this farm; but that when he sold his first homestead for $1,600 and purchased another for $1,800, that he paid the difference of $200 in live stock and certain personal property that he had acquired and owned prior to his marriage to the mother of the defendants; that when he sold this farm for $4,500, and purchased another for $6,000, that he paid the difference out of the proceeds of the sale of certain real estate that he owned in Colorado at and before the time of his marriage to the mother of the defendants. This is substantially the evidence of the plaintiff, Watson. At the close of this evidence the defendants demurred to the evidence, and the demurrer was sustained by the court, and judgment entered awarding the defendants a one-half undivided interest in and to the farm in controversy.

The plaintiff, Watson, has appealed from this judgment and assigns a number of errors, but we think it is sufficient to say that the court erred in sustaining the demurrer to the plaintiff's evidence, for under the antenuptial contract the wife was not entitled to any part of the property that the plaintiff owned at the time of his marriage to her, and his testimony is that nothing but the proceeds of his separate property went into the farm, which is the subject of this litigation; and the mere fact that this farm was purchased after their marriage would not within itself give the wife any interest in it, for the contract was that only real estate acquired during coverture should be held in common, and this contract must be given a reasonable and fair interpretation and such effect as was reasonably contemplated by the parties at the time it was entered into, and they certainly never intended that the plaintiff should forfeit all the benefits under this antenuptial contract if he should sell his homestead, and reinvested the proceeds of that sale in another farm. Such was never intended to be the effect of that clause in the contract, which provides that all real estate acquired during coverture should be held in common. But that clause simply means that if, by their joint efforts, they should be able to acquire additional real estate holdings, that they should share such holdings equally. But under the testimony of the plaintiff, this tract of land in controversy was not an additional holding, but was purchased directly with the proceeds of the farm he owned at the time he married the deceased, enhanced by advances in the price of real estate.

Under this state of the record, it was error for the court to sustain a demurrer to the evidence. The judgment is reversed, and the cause remanded for a new trial.

All the Justices concur.