**REYNOLDS v. PHIPPS et al.**

No. 12042—Opinion Filed March 13, 1923.

(Syllabus.)

1. **Husband and Wife—Descent and Distribution—"Property Not Acquired During Coverture."**

By virtue of section 11301, Comp. Stat. 1921, which provides in part: "Providing that if the deceased shall have been married more than once, the spouse at the time of his death shall inherit the property not acquired during coverture with said spouse, only in equal parts with the living children," etc., held, that real estate owned by the deceased at the time of the marriage to the spouse who survived him, which was thereafter sold before the time of his death, and part of the proceeds was reinvested in other real property, and part loaned out, and part deposited in bank, is "property not acquired during coverture with said spouse."

2. **Statutes—Letter and Spirit of Law.**

A thing may be within the letter of the law and yet not within the law because not within its spirit, nor within the intention of its makers.

3. **Husband and Wife—Descent and Distribution — Finding as to Separate Property of Deceased—Evidence.**

Record examined, and held, that the finding of the trial court is not clearly against the weight of the evidence, and the judgment of the court is affirmed.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

From order of distribution of estate of Reuben F. Reynolds, deceased, in favor of Nettie Phipps and others, Minnie Reynolds brings error. Affirmed.

John T. Bradley, for plaintiff in error.

Boynton & Reilly, for specified defendants in error.

McNEILL, J. The material facts in this case are substantially as follows:

Reuben F. Reynolds died July 9, 1918, leaving the following property as disclosed by the inventory filed in the probate of his estate: Real estate assets, $4,620; cash in bank, $1,310; personal property other

than cash and notes, $1,120.75; notes and accounts, $2,826.20. Reynolds left surviving his widow, Minnie Reynolds, and eight children by a former deceased wife, and four grandchildren, and the issue of one child by his former deceased wife. The deceased and Minnie Reynolds were married June 8, 1910, and Reynolds was the owner of 160 acres of land in Kingfisher county, but owned practically no other property. On February 16, 1918, he sold the 160 acres of land for $12,500, which included his share of the growing crops. The day before the deed was executed a mortgage of $2,000 had been paid off on the land. Between March 1st, and May 14, 1918, he bought four pieces of real estate, paying therefor the sum of $6,380. He also loaned some money on real estate, taking a real estate mortgage. The county court made an order distributing the estate, and from the order of distribution Minnie Reynolds appealed to the district court.

The district court in making the order of distribution found as a fact that three-eighths of the estate of Reuben Reynolds was acquired after his marriage to Minnie Reynolds, and five-eighths prior thereto, and that Minnie Reynolds, his widow, would inherit three-sixteenths of the whole estate, and the balance be distributed in equal shares to the surviving children and issue of the deceased child. From this decision, the widow has appealed to this court.

It is contended by the widow that under and by virtue of section 11301, Comp. Stat. 1921, she is entitled to inherit one-third of the whole estate, it being contended that the estate was all acquired after marriage. It is contended on behalf of the defendants in error that under and by virtue of the proviso to section 11301, supra, which proviso is as follows:

"Provided, that if the decedent shall have been married more than once, the spouse at the time of death shall inherit of the property not acquired during coverture with such spouse, only in equal part with each of the living children of decedent, and the lawful issue of any deceased child by right of representation"

—the widow should inherit only one-tenth of the estate acquired prior to her marriage and one-third of that acquired during coverture.

The evidence in the case regarding the value of the homestead, at the time of the marriage of plaintiff in error and deceased, is conflicting; two witnesses value the same at $6,000, one at $9,000, one at $10,000, and one at $12,000. The finding of the court that three-eighths of the estate was acquir-

ed after marriage is not clearly against the weight of the evidence, if we consider the value of the farm prior to the marriage, and the proceeds thereof be considered property not acquired during coverture. In considering this question the trial court evidently arrived at this conclusion by giving to the wife the benefit of the increased value of the farm from the time of her marriage until the same was sold.

The evidence also supports the proposition that the proceeds of the farm were invested in the real estate now owned by the estate and the remainder in the personal part of the estate. The question involved herein may be stated as follows: If the spouse at the time of the second marriage has real estate, and the same is sold, and part of the proceeds loaned out and part invested in other real estate, does this property on hand at the time of the death come within the meaning of the proviso, to wit, "Property not acquired during coverture with said spouse"? This portion of the section of the statute has never been construed by this court, and neither party has cited any case where a similar statute has been construed by any of the courts of other states.

The Supreme Court of Arizona in the case of Liebes v. Steffy, 32 Pac. 261, construed a statute which provides:

"All property acquired by either husband or wife during marriage * * * except * * * shall be deemed common property of the husband and wife."

The court held in that case that where the father of the wife had given her certain money and she purchased with said money cattle from the husband that was owned by him prior to the time of their marriage, the property was her separate property, and the word "acquired" was not intended to include a purchase made by the wife with her separate estate.

This court in the case of Watson v. Stone, 68 Okla. 33, 171 Pac. 336, construed a contract which provided, in substance, that neither should claim or acquire any right, title, or interest in or to the property of the other at the time of their marriage, and that any real estate acquired during coverture should be held in common. In the above case, a man was the owner of a farm when he married. After his marriage the farm was sold and the proceeds invested in another farm. This court held that the contract did not mean that the change in the form of property did not make the same a postnuptial acquirement

There is a general rule in the construction of statutes which is applicable to the case at bar:

"A thing may be within the letter of the law and yet not 'within the law because not within its spirit, nor within the intention of its makers." De Hasque v. Atchison, T. & S. F. R. Co., 68 Okla. 183, 173 Pac. 73.

We do not believe that it was the legislative intent in drafting the proviso of the section of the statute, which proviso limited and restricted the preceding portion of the section, to mean if the spouse who had living children and was possessed of money, personal property, or real estate, and thereafter if the real estate should be sold and the proceeds reinvested in other property, or if the money should be invested in real estate, that the mere changing of the form of the property would be considered property "acquired" during coverture.

We therefore conclude that the proceeds derived from the farm and invested in other property, together with proceeds still remaining either in the shape of cash or loaned out, must be construed to be "property not acquired during coverture with said spouse."

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.