### In re PIERCE'S ESTATE.
### TARMAN, Ex'x, et al. v. PIERCE.

No. 21239. Opinion Filed Nov. 22, 1932.

Rehearing Denied Dec. 27, 1932.

C. C. Suman, for plaintiffs in error.

J. M. Grubbs, for defendant in error.

CULLISON, J. Absalom F. Pierce, deceased, was the owner of considerable property. He had married twice. To the first marriage were born six children, who are the plaintiffs in error in this appeal. After the death of his first wife the deceased married Indiana H. Pierce, defendant in error herein, and the controversy in this cause is as to the amount of property that the surviving widow should inherit.

The record discloses that said deceased owned a farm in Payne county, Okla., acquired in 1910. In 1917 the first wife of Absalom F. Pierce, deceased, died. Thereafter, while Absalom F. Pierce was a wid-

ower, he leased said land for oil and gas purposes. Said property was developed by lessees and three producing gas wells developed thereon, all of which three producing gas wells were developed thereon prior to the date of marriage to Indiana H. Pierce.

The receipts from said gas wells were invested by Absalom F. Pierce, deceased, in building and loan stock, real estate, and loans made to certain individuals, but all of said money retained its identity so that it could be determined that it was the proceeds from said gas wells.

Absalom F. Pierce, deceased, executed a will, by the terms of which said instrument it was provided: "I bequeath and devise to my wife, Indiana H. Pierce, the same portion of my estate as is allowed a widow in the state of Oklahoma," and thereafter provided for the distribution of the remainder of his estate in equal shares to his children.

The widow contested the final account of the executrix of the will in county court, but the county court found adverse to the widow's contention, and she appealed to the district court, where said cause was tried de novo.

Upon the trial of said cause in district court the court found that all moneys received from gas rentals after the marriage of Absalom F. Pierce,, deceased and defendant in error herein, was money accumulated by their joint industry and that the widow should inherit 1/3 thereof. From which said ruling of the district court the sons and daughters appeal to this court.

The question decisive of this appeal is what portion of the husband's property does a second wife inherit where there are children by the former marriage?

Under our law of descent and distribution, we find the following provision:

"11301. Descent and Distribution. * * * Provided, that if the decedent shall have been married more than once, the spouse at the time of death shall inherit of the property not acquired during coverture with such spouse only an equal part with each of the living children of decedent, and the lawful issue of any deceased child by right of representation. * * *" (Comp. St. 1921, sec. 11301).

Under the statutory provisions just quoted, the decision in this case must be determined by whether or not the property under consideration was acquired during coverture.

If the property was acquired during the second marriage, then the widow would inherit one-third thereof. But if the property was not acquired during said marriage, but had been acquired prior to said marriage, then the widow takes a child's part thereof.

This section was considered by our court in the case of Reynolds v. Phipps et al., 89 Okla. 21, 213 P. 855, wherein this court held:

"By virtue of section 11301, Comp St. 1921, which provides in part, 'Provided, that if the decedent shall have been married more than once, the spouse at the time of death shall inherit of the property not acquired during coverture with such spouse only an equal part with each of the living children,' etc., held, that real estate owned by the deceased at the time of the marriage to his widow, which was thereafter sold at the time of his death, and part of the proceeds was reinvested in other real property, and part loaned out, and a part deposited in bank, is 'property not acquired during coverture with said spouse'."

And in the body of said opinion, at pages 22, 23 (pages 856, 857 of 213 P.), we find the following statements:

"The Supreme Court of Arizona, in the case of Liebes v. Steffy, 4 Ariz. 11, 32 Pac. 261, was construing a statute (Rev. St. 1887, tit. 34, c. 3, section 17) which provides: 'All property acquired by either husband or wife during the marriage * * * except * * * shall be deemed common property of the husband and wife.' The court held in that case that, where the father of the wife had given her certain money and she purchased cattle from the husband that was owned by him prior to the time of their marriage with said money, the property was her separate property, and the word 'acquired' was not intended to include a purchase made by the wife with her separate estate. * * * There is a general rule in the construction of statutes which is applicable to the case at bar: 'A thing may be within the letter of the law and yet not within the law, because not within its spirit, nor within the intention of its makers.' De Hasque v. Atchison. T. & S. F. Ry. Co.. 68 Okla. 183. 173 P. 73. L. R. A. 1918F. 259. We do not believe that it was the legislative intent, in drafting the proviso to the section of the statute, which proviso limited and restricted the preceding portion of the section, to mean that if the spouse had living children and was possessed of money, personal property, or real estate, and thereafter if the real estate should be sold and the proceeds reinvested in other property, or if the money should be invested in real estate. the mere changing of the form of the property would be considered property

'acquired' during coverture. We therefore conclude that the proceeds derived from the farm and invested in other property, together with proceeds still remaining either in the shape of cash or loaned out, must be construed to be 'property not acquired during coverture with said spouse'."

In the case just quoted, this court had under consideration money received from the sale of a farm, and held that as long as the identity of the money could be determined, said money retained the same character as the farm and was not to be considered as becoming the joint property of the husband and wife, nor as having been acquired during coverture.

In the case of Stephens v. Stephens (Tex. Civ. App.) 292 S. W. 290, the court had under consideration the identical question presented in the case at bar, to wit, whether oil and gas received under a lease covering the husband's individual property became the property of husband and wife immediately upon the payments of said royalty, or whether said payments belonged to the husband as a part of his individual estate, and in passing on said question the Texas court said:

"Husband's leasing of his separate land and receipts of proceeds for his part of oil produced by lessees did not convert his separate estate therein into community property; no skill, labor, or supervision of either spouse being expended in sale or production of oil.".

In discussing said matter, the Texas court made a distinction between certain moneys received from crops or other lines of business which required the oversight and management of both the husband and wife, and held that the collection of oil and gas rentals did not require any skill, labor, or supervision in the collection thereof by both husband and wife so as to make the same property acquired by their joint industry.

This distinction made by the Texas court appears to be a very good distinction, and one applicable to the case at bar.

In the case at bar, the husband had leased his land for oil and gas purposes prior to the date of his marriage with defendant in error, and the producing wells drilled on said lease had been located prior to said marriage. It required no management, no skill or supervision on the part of defendant in error to procure the rentals paid to the deceased husband upon his land, and said rentals were not the result of the joint industry of the husband and wife.

Under the statutes and authorities cited herein, we arrive at the conclusion that the gas rentals from the husband's separate property were not acquired by the joint industry of the husband and wife so as to entitle the surviving spouse to a greater share than that given to the children under the statute.

The money under consideration in said cause was received from the husband's separate property, and as such the widow would inherit an equal part with the children of the husband's former wife and would not inherit a one-third interest in the portion thereof as decreed by the trial court.

The judgment of the district court is reversed, with directions to enter judgment in said cause decreeing to said widow an equal portion in said estate with each of the surviving children of said deceased father.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ, concur. CLARK, V. C. J, absent.

Note.—See under (1) 9 R. C. L. 55.