COLVIN et al. v. COLVIN.

No. 35118. July 23, 1952.

246 P. 2d 744.

John W. Tyree, Lawton, for plaintiffs in error.

E. L. Richardson, Lawton, for defendant in error.

GIBSON, J. In 1918 F. L. Colvin, a widower with six children, married defendant in error, who was a widow with three children. Of this marriage two children were born. Herbert Colvin, one of the plaintiffs in error, is a son of F. L. Colvin by his former marriage.

F. L. Colvin died intestate August 21, 1947, at the age of 93 years. Plaintiff in error A. J. Clingan is administrator of the estate. On his petition the county court of Comanche county entered a decree of distribution. On appeal and a trial de novo the district court denied the administrator's petition and directed the manner of distribution, and the plaintiffs in error appeal. The widow, appellee, has filed a cross-petition in error.

Prior to the marriage decedent was the owner of a farm of 160 acres in Tillman county which was subject to a mortgage. In 1925 decedent purchased a farm of 240 acres in Comanche county at a price of $5,000. There

was a cash payment of $2,160 and the decedent assumed loans for the balance of the purchase price, which loans were paid in later years.

Upon request the court entered findings of fact and conclusions of law. Certain findings and the three following conclusions of law constitute the crux of this appeal:

"1.

"The Court concludes as a matter of law that $2160 of the money received from the sale of the 80 acres of land in Tillman County by F. L. Colvin on February 21, 1925 was used as part payment on the purchase price of 240 acres in Comanche County, Oklahoma, and that a proportionate interest of the property was acquired before the marriage of the said F. L. Colvin and Sara Lou Colvin, and should be distributed in equal parts to the heirs of the said F. L. Colvin, or to that part of his estate his widow, Sara Lou Colvin, should receive only a child's interest in and to that part of the property of the estate.

"2.

"That since the marriage of the parties and due to their joint industry and the change in economic conditions the value of the 240 acres has increased from the original purchase price of $11,700, and because of the increase in the value of said property, the widow, Sara Lou Colvin, is entitled to a wife's part or an undivided one-third interest in and to the difference between the purchase price and the present value of the property.

"3.

"The Court further concludes as a matter of law that the widow is entitled to an undivided one-third interest in the balance of the property listed in the inventory and appraisement filed in the estate of F. L. Colvin."

With reference to the purchase of the land in Comanche county the trial court made his finding of fact as follows:

"That on March 25, 1925 F. L. Colvin and Sara Lou Colvin purchased 240 acres in Comanche County, Oklahoma for $5000. That the Comanche County farm was purchased subject to the School Land Commission loan of $2945 and that $2160 of the money received from the sale of the 80 acres was applied on the purchase price and that said $2160 was property acquired by F. L. Colvin before coverture."

Appellants say that the findings and conclusions of the trial court are contrary to the evidence and not sustained by sufficient evidence. Concerning some of the issues contested on this appeal the evidence of the entire record is vague, indefinite and conflicting. This situation is easily understood when we consider that witnesses were testifying from memory in 1950 concerning events occurring 32 and 25 years before the trial. As to such controverted issues we must first ascertain which party has the burden of proof.

"Where property of deceased's estate consists of notes and mortgages, stock and bonds, and deeds to real estate, all of which show, by their dates of issuance and execution, to have been acquired during coverture of deceased and the surviving spouse, and it is contended that such property was either acquired prior to such marriage or was obtained from the income or proceeds of property so acquired prior to such marriage, the burden is upon the party making such contention to prove same." Boyes' Estate v. Boyes et al., 184 Okla. 438, 87 P. 2d 1102.

This is not a community property case, as the involved transactions occurred long prior to the enactment of the community property law. But with reference to the burden of proof and overcoming the legal presumption as to acquisition of property during coverture, the case of Lovelady v. Loughridge, 204 Okla. 186, 228 P. 2d 358, is pertinent here. Therein we said:

"The presumption that while the community property law was in force and effect property acquired during coverture was the community property of the husband and wife is prima facie only, and where title is taken in the husband's name may be overcome by

evidence showing that the property was purchased with his separate funds."

We believe that appellants sustained their burden of proof to confirm the above-quoted finding of the court with reference to separate property of the husband being invested in the Comanche county farm. The evidence reveals that a real estate agent showed the farm to decedent and the latter stated that he would have to sell 80 acres of his land in Tillman county in order to make the purchase; that he did sell an 80-acre tract in February, 1925, receiving a net amount of $6,500, and about one month later he purchased the Comanche county property. There is no evidence that, at that time, he had any other source of income from which he could have made the cash payment. The investment of $2,160 of the husband's separate property was traced into the Comanche county farm. It represented 43.2% of the purchase price.

Appellants say that the judgment is contrary to law.

We believe that the trial court's conclusion of law number one is sustained by the evidence and that it is not contrary to law. Tit. 84 O.S. 1951 §213 provides, in part:

"* * * Provided, that if the decedent shall have been married more than once, the spouse at the time of. death shall inherit of the property not acquired during coverture with such spouse only an equal part with each of the living children of decedent, and the lawful issue of any deceased child by right of representation."

Appellants cite Reynolds v. Phipps, 89 Okla. 21, 213 P. 855, wherein decedent died leaving a widow and nine children by a former wife. Three-eighths of his estate was acquired during coverture and five-eighths prior to his marriage. Therein this court said: "The widow should inherit only one-tenth of the estate acquired prior to her marriage and one-third of that acquired during coverture." We construed the above-quoted statute. We further said that if a spouse had living children and before marriage was possessed of real estate which was thereafter sold and the proceeds invested in other real estate, the mere changing of the form of the property would not be considered property "acquired" during coverture.

The trial court's conclusion of law number one is in conformity with the rule of Reynolds v. Phipps, supra.

This is also true of conclusion number three for the reason that under any reasonable construction of the evidence the personal property owned by this married couple at the husband's death was acquired by their joint efforts during coverture. There was no evidence showing any specific personal property to have been otherwise acquired. Herbert Colvin, the son, testified that at the time of marriage of the father to appellee, his father owned one horse, some mules, cows and hogs and some farm machinery. There is no evidence that any of such property was in existence at the time of the father's death twenty-nine years later.

There is evidence that decedent sold his remaining 80 acres in Tillman county in 1935 for $5,500, the purchaser assuming a mortgage of $3,500, and paying the balance in annual installments of $500. But there was no tracing of any of that part of decedent's separate estate into property in his hands at the time of his death excepting the original investment in the Comanche county farm. During a part of their married life Mr. Colvin and his wife were supporting and educating a large family, children of their several marriages. They had some good crop years and some that that were not. In 1925 Colvin made an unfortunate investment in a cotton gin. We are unable to say from this evidence what his loss was. His widow thought it was a total loss of $5,000. Under appellant's most favorable testimony his loss was at least $1,000. There is evi-

dence that at various times decedent gave financial aid to some of the children of his first marriage. There is evidence that he could have spent his separate estate in various ways.

We have reviewed this record and we find evidence to sustain appellant's burden of proof as to investment of defendant's separate estate in existing property only with reference to the sum of $2,160 invested in the farm in Comanche county, as found by the trial court.

We cannot agree with conclusion of law number two. The court found that there was an increase in value of the land due to the joint efforts of the parties and the change in economic conditions and awarded the widow one-third of the increase in value on the entire property. This property was purchased by two separate interests, the husband's separate estate and the joint industry of husband and wife.

We have searched this record and we do not find evidence showing that the joint efforts of husband and wife served to enhance the value of the land under consideration. There is no evidence of substantial improvements, made during coverture, of such a character as to materially enhance the value from $5,000 at the time of purchase to $11,500 found by the court to be its value at the time of trial. There is evidence that at the time of purchase times were hard and the nation had recently experienced a financial depression, and prices were low compared with present values. From this record we can only conclude that the increase in the value of the land was due solely to improved economic conditions and a natural increase in land values, without the expenditure of joint efforts of the parties being responsible for such increase in value. The court erred in awarding the widow one-third of the entire increase in value of the real property.

The proportionate shares of the separate property of the husband and the part paid for and acquired by the joint endeavors of husband and wife should share in the increase in value. We see no reason to regard the present value of the land as of any importance. Values may change again before this property is sold. The two shares, 43.2% acquired by the decedent's separate property, and 56.8% acquired by joint efforts of the spouses, during coverture, should share ratably in the entire real property. Regardless of its value the widow inherits a child's share in 43.2% and one-third of 56.8% of the Comanche county land. As indicated above, she inherits one-third of all personal property of the estate. The increase in value of the land was not property acquired by joint efforts, during coverture. It was a value that accrued to the benefit of the separate investments, due to economic conditions.

The judgment of the trial court is affirmed except as to that part based on conclusion of law number two. As to that part of the judgment it is reversed with directions to divide the real property in accord with the views herein expressed.

Appellee's cross-petition, based on the contention that the entire estate was jointly acquired property, is denied.

Appellee has filed motion to dismiss the appeal. She admits that Herbert Colvin, an heir, has the right of appeal but says that the administrator cannot maintain an appeal from a final order of distribution on the ground that the property was improperly divided. The heir and the administrator joined in the petition in error and in presentation of briefs. If it were conceded that the administrator is an improper party the appeal cannot be dismissed since the heir is properly here as appellant.

The heirs and not the administrator are the real parties in interest. It is said that the administrator is not authorized to prosecute the appeal, and therefore he should not be permitted to dissipate the estate by payment of

costs of the appeal out of estate funds. This question is for the probate court and is not properly before us at this time. The motion to dismiss the appeal is denied.

Affirmed in part, reversed in part, with directions.

HALLEY, V.C.J., and WELCH, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.