Joseph P. WEAVER, Administrator of the Estate of Darl L. Deppink, Deceased, and Josephine Stahl, Plaintiffs In Error,

v.

Dale F. KOONTZ, Administrator with Will Annexed of the Estate of Ora G. Koontz, Deceased, and Dale F. Koontz, Defendants in Error.

No. 37005.

Supreme Court of Oklahoma.

Oct. 2, 1956.

Joseph P. Weaver and Ralph A. Myers, Jr., El Reno, for plaintiffs in error.

Rinehart & Rinehart, Lucius Babcock, Jr., El Reno, for defendants in error.

PER CURIAM.

This is an appeal from a judgment of the District Court of Canadian County, there on appeal from a final decree of distribution entered in the county court of that county in the estate of Ora G. Koontz, deceased. The decedent died testate, without issue on the 30th day of September, 1951. Dale F. Koontz, here defendant in error, personally and in his capacity as administrator with will annexed of the estate, is the surviving spouse of the decedent.

Under the terms of the will a certain eighty-acre tract of land in Canadian County was devised in one-third interests each to two sisters of the decedent, and to the surviving husband. The husband elected to renounce the will and to inherit under the laws of intestate succession of this State, claiming all of the eighty acres of land under the second subdivision of 84 O.S.1951 § 213, reading as follows:

> "Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

The County Court ordered the land distributed to Dale F. Koontz under the provisions of this statute. From the same ruling on appeal to the District Court plaintiffs in error have appealed to this court. For convenience we shall refer to the defendants in error, as the administrator, and to plaintiffs in error, Darl L. Deppink, and the administrator of the estate of Josephine Stahl, who claim under the will, as contestants.

The contestants here contend that the judgment of the trial court is contrary to the law and the evidence. Argument supporting their claim of error is made under a single proposition stated thus:

"Where wife makes homestead entry on real estate and a portion of the purchase price is paid and improvements are made thereon prior to the marriage of the parties, and a part of the purchase price is paid and certain of the improvements are made after the marriage of the parties by joint efforts of the husband and wife, the identity of the separate interest of the wife in the property is maintained after her death and to that extent remains her separate property."

We are here only concerned with the correctness of the judgment ordering distribution of the eighty acres to the surviving husband. The controlling question is whether the land was acquired by the joint industry of the wife and husband during coverture.

Title to the property was acquired from the United States by issuance of a patent on April 17, 1917, to Ora G. Koontz, formerly Ora L. Rhodes. Application for entry upon the land was made by the decedent on the 15th day of November, 1910. An initial payment of $768 was made and six annual payments $512 each for the years 1911–1916 were required to complete the total amount due as the purchase price. The issuance of the patent evidenced completion of all requirements necessary under the Acts of Congress relating to the acquisition of property from the government under the homestead laws of this nation.

The decedent and Dale F. Koontz were married on December 22, 1913, and were husband and wife until her death on December 30, 1951. There were no children.

The evidence on the part of the administrator offered in support of the contention made that the property should be distributed to the surviving husband under the Oklahoma statute above cited was substantially as follows: The husband and wife were, prior to their marriage, employed as school teachers and had become engaged to be married in 1905. The marriage had been postponed by reason of their financial status and during the interim the husband had been employed and attended college in other states, and was away from Oklahoma at the time the decedent made entry on the land; the installments for the years 1912 and 1913 were paid prior to the marriage, and in 1911 a house was built on the property at a cost of approximately $1,000 which was paid in part by each; the parties moved on the property after the marriage and continued to occupy it personally or through tenants thereafter, and made additional improvements at a cost of approximately $1,000; the property was acquired for a home and was considered and used as the homestead property of the parties during their married life (The correctness of the finding by the trial court that it was their homestead property is not here disputed); after the marriage the wife had no income other than what was procured from the 80 acres used as a farm, which income varied from $200 to $1,500 annually up to decedent's death; the husband's income was derived from teaching school and as a salesman; the wife kept books reflecting the family's financial affairs; the parties under their arrangement completed the payments, although with some difficulty, and complied with the requirements otherwise to secure the issuance of the patent; the husband, before the marriage and afterwards, made or assisted in making improvements on the property and did some farm work.

Contestants in support of their contentions that the judgment is contrary to applicable law and is not supported by the evidence, urge that since the evidence on the part of the administrator shows payment by the decedent of the initial amount due, part payment of two installments and a share of the improvements prior to marriage, amounting to slightly less than one-half of the total cash outlay expended, that the statute cited is not applicable as was determined under the facts in the cases of Goff v. Goff, 104 Okl. 257, 231 P. 204, and Detrich

v. Detrich, 182 Okl. 429, 78 P.2d 303, relied upon by administrator. We find nothing in the facts of this case, however, distinguishable from the facts of the cases cited, to suggest the application of any rule other than there applied.

As was stated in the syllabus of the Detrich case, supra, where the property has been acquired during coverture by the joint industry of husband and wife, the question of whether it was the separate property of the deceased spouse is wholly immaterial in determining by whom the property is inherited under subdivision 2 of Sec. 213, 84 O.S.1951, the controlling question being: Was the property acquired by joint industry of husband and wife during coverture? The rule as stated in paragraph 3 of the syllabus of that case as applicable here may be stated to be that where a single person makes settlement and homestead entry of land under federal laws providing for the disposition of public land, and thereafter marries and the parties jointly, as husband and wife, do all that is necessary to the maintenance of residence requisite to make final proof, and to otherwise complete the title, such property may properly be held to be acquired by the joint industry of the husband and wife, so as to subject it to the provision of the statute mentioned above. The provision being purely a rule of descent and distribution and not a rule of property in this state.

It was clearly stated in Goff v. Goff, supra, that the title to public lands is not divested from the United States upon the filing of an entry by an entryman in the land office, but upon the issuance of a patent which evidences the performances of all conditions of occupancy, improvement, and payment, which are prerequisites of the vesting of such title in the entryman. Where, as here, the evidence amply supports a conclusion that all the prerequisites to acquisition of title to public land by a patent issued on completion were performed through the joint industry of both parties to the marriage it cannot be said that a judgment entered on such finding is not support-

ed by the evidence or is contrary to applicable law.

The case of Colvin v. Colvin, 207 Okl. 12, 246 P.2d 744, relied upon by contestants, is based on a separate proviso of 84 O.S. 1951 § 213, dealing with second marriages, and is not controlling in this case.

Affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Crawford and approved by Commissioners Nease and Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.